# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY HAMMONS,<br><br>        Petitioner,<br><br>   v.<br><br>JAMES D. HARTLEY,<br><br>        Respondent. | 1:11-cv-01719 MJS HC<br><br>ORDER GRANTING RESPONDENT'S<br>MOTION TO DISMISS<br><br>[Doc. 17] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Brian G. Smiley, Esq., of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 8, 14.)

## I.     BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, upon being found guilty at a jury trial of attempted sexual intercourse and lewd acts with a child under fourteen

years. (See LD No. 1.[1]) On July 16, 2008, Petitioner was sentenced to serve a determinate term of nine years in prison. (Id.) Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District, but either abandoned or moved to voluntarily dismiss his appeal. The appellate court dismissed the appeal on February 27, 2009. (LD No. 2.)

Petitioner filed one post-conviction collateral challenge, in the form of a petition for writ of habeas corpus, with respect to the judgment. The petition was filed in the California Supreme Court on December 29, 2010, and was denied on June 15, 2011.[2] (LD Nos. 3-4.)

On September 26, 2011[3], Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On January 12, 2012, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Petitioner did not file an opposition to the motion.

## II.   DISCUSSION

### A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

[2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on January 3, 2011, pursuant to the mailbox rule the Court considers the petition filed on December 29, 2010, the date Petitioner signed the petition.

[3] Petitioner failed to date his federal petition. Accordingly, the Court cannot determine the date Petitioner handed the petition to prison authorities for mailing, and Petitioner cannot benefit from an earlier filing date.

1   remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

2   grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.

3   1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

4   after the court orders a response, and the Court should use Rule 4 standards to review the

5   motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

6       In this case, Respondent's motion to dismiss is based on Petitioner's asserted failure

7   to meet the one-year limitations period.  28 U.S.C. § 2244(d)(1).  Because Respondent's

8   motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust

9   state remedies or for state procedural default and Respondent has not yet filed a formal

10  answer, the Court will review Respondent's motion to dismiss pursuant to its authority under

11  Rule 4.

12      **B.**    **Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

13      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

14  of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for

15  writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117

16  S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc),

17  cert. denied, 118 S.Ct. 586 (1997).

18      In this case, the petition was filed on September 26, 2011, and therefore, it is subject

19  to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on

20  petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).

21  As amended, § 2244, subdivision (d) reads:

22          (1)  A 1-year period of limitation shall apply to an application for a writ of
         habeas corpus by a person in custody pursuant to the judgment of a State court.
23       The limitation period shall run from the latest of –

24          (A) the date on which the judgment became final by the conclusion of
         direct review or the expiration of the time for seeking such review;

25
            (B) the date on which the impediment to filing an application created by
26       State action in violation of the Constitution or laws of the United States is
         removed, if the applicant was prevented from filing by such State action;

27
            (C) the date on which the constitutional right asserted was initially
28       recognized by the Supreme Court, if the right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the Petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner filed an appeal with the California Court of Appeal, Fifth Appellate District. The court dismissed the petition on February 27, 2009. (LD No. 2.) The Court of Appeal's decision became final the same day. See Cal. Rules of Court 8.264(b)(2)(B) (formerly Rule 24). Petitioner did not seek review in the California Supreme Court. Accordingly, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on March 9, 2009, upon expiration of the ten-day period within which to file and serve a petition for review with the California Supreme Court. See Cal. Rules of Court 8.500 (formerly Rule 28). The AEDPA statute of limitations began to run the following day, on March 10, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from March 10, 2009, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing the instant petition until September 26, 2011, over a year and a half after the statute of limitations period expired.  Absent the later commencement of the statute of limitations or tolling, if applicable, the instant petition is barred by the statute of limitations. Petitioner has made no showing that the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D). Accordingly, Petitioner may only rely on tolling to attempt to show that the petition is not barred by the statute of limitations.

**C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations period began on March 10, 2009. Petitioner failed to file any post-conviction collateral actions and the statute of limitations expired on March 9, 2010. State petitions filed after the expiration of the statute of limitations period shall have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Accordingly, the limitations period began on March 10, 2009, and expired on March 9, 2010. The present petition was filed on September 26, 2011, over a year and half after the expiration of the year statute of limitations period.  The instant federal petition is untimely.

## D.     Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418.

Petitioner has not presented any evidence regarding equitable tolling. Accordingly,

1   Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

2   **III.    <u>CONCLUSION</u>**

3        As explained above, Petitioner failed to file the instant petition for habeas corpus within

4   the one year limitation period required by 28 U.S.C. § 2244(d).  Petitioner is not entitled to the

5   benefit of statutory tolling, nor excused from timely filing due to equitable tolling.  Based on the

6   foregoing, Respondent's Motion to Dismiss shall be granted.

7   **IV.    <u>ORDER</u>**

8        Accordingly, IT IS HEREBY ORDERED that:

9        1.    Respondent's Motion to Dismiss (Doc. 17.) is GRANTED;

10      2.    The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as

11            untimely; and

12      3.    The Court DECLINES to issue a Certificate of Appealability.  28 U.S.C. §

13            2253(c); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (in order to obtain a COA,

14            petitioner must show: (1) that jurists of reason would find it debatable whether

15            the petition stated a valid claim of a denial of a constitutional right; and (2) that

16            jurists of reason would find it debatable whether the district court was correct

17            in its procedural ruling.  <u>Slack</u>, 529 U.S. 484.  In the present case, jurists of

18            reason would not find debatable whether the petition was properly dismissed

19            with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not

20            made the required substantial showing of the denial of a constitutional right.

21

22

23   IT IS SO ORDERED.

24   Dated:   <u>March 24, 2012</u>          ___/s/ *Michael J. Seng*___
                                              UNITED STATES MAGISTRATE JUDGE

25

26

27

28